Donna **PARRISH**, Plaintiff,

v.

Louis **SOLLECITO**, Individually, James Gallagher, Individually, Mount Kisco Import Cars, Ltd. d/b/a Mount Kisco Honda, and Westchester Import Cars, Ltd, d/b/a/ Acura of Bedford Hills, Defendants.

**No. 01 CIV.5420.**

United States District Court, S.D. New York.

March 27, 2003.

Jonathan Lovett, Esq., Lovett & Gould, Esqs., White Plains, for Donna Parrish, plaintiff.

Martin Gringer, P.C., Martin Gringer, P.C., Joshua Adam Marcus, Franklin & Gringer, P.C., Garden City, for Louis Sollecito, individually, James Gallagher, individually, Mt. Kisco Import Car, Mount Kisco Import Cars, Ltd. dba Mount Kisco Honda, Westchester Import C, Westchester Import Cars, Ltd, dba Acura of Bedford Hills, defendants.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated February 10, 2003, corrected by amended Order dated March 14, 2003, the Court denied the motion of defendants herein for summary judgment dismissing the action brought by plaintiff Donna Parrish ("Parrish") alleging sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e *et seq.*, and corresponding provisions of the New York State Human Rights Law. Defendants comprise Parrish's former employers and supervisor (collectively "Defendants"), whose alleged misconduct gave rise to this action. Before the Court is Defendants' motion for reconsideration pursuant to Local Rule 6.3 and

Fed.R.Civ.P. 59(e). For the reasons set forth below, the motion is DENIED.

■ Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Systems Inc. Secs. Litig.*, 113 F.Supp. 613, 614 (S.D.N.Y.2000). Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed.Appx. 73 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

■ A Rule 59(e) motion, however, is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Consistent with these objectives, Local Rule 6.3 is designed to "ensure the finality of decisions and to prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters." *See id.* (citing *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A

Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved.")

■ Here, the Court did not overlook the issues Defendants rely upon as grounds for reconsideration. Defendants contend that Parrish presented no evidence that her supervisor and alleged harasser, defendant James Gallagher ("Gallagher"), ordered his sales staff at the Acura dealership not to deal with Parrish in connection with the performance of her duties as a finance and income manager for defendants in retaliation for a sexual discrimination complaint Parrish had lodged against Gallagher. Defendants claim that at her deposition Parrish stated that she had no personal knowledge that Gallagher had issued such instruction. They thus contend that Parrish's allegation is based on self-serving, conclusory statements and that her retaliation claim is therefore deficient and cannot withstand a motion for summary judgment.

Defendants' argument ignores everyday realities and constraints ordinarily associated with charges of unlawful sexual discrimination. In these cases plaintiffs are rarely able to produce the "smoking gun" or silver bullet that decisively proves the offender's misconduct. *See Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991) ("An employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file,

attesting to a discriminatory intent."); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (1994); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (In "reality ... direct evidence of discrimination is difficult to find precisely because its practitioners deliberately try to hide it."); *Van Lawrence v. Shubert Org.*, No. 94 Civ.1996, 1996 WL 107298 (S.D.N.Y. May 12, 1996). Not uncommonly in such actions, other witnesses and participants with direct knowledge of the events are coworkers still on the payroll or under the supervision or control of the accused employer or wrongdoer. By reason of their dominant loyalties or biases, such persons may either be reluctant to get involved in a controversy against the company or to give an account of events that may contradict, embarrass or otherwise offend their supervisors. Thus, it is not unusual in these cases for defendants, in response to plaintiff's discrimination charge, to muster from among the ranks of their employees a uniform phalanx of opposition testimony and other evidence denying the victim's accusations or otherwise casting doubt on the veracity of her account. Consequently, it is generally more difficult for a plaintiff to count on fellow workers with direct knowledge or involvement in the underlying events to step forward voluntarily to confirm the complainant's version of the facts.

Under these circumstances, it would eviscerate the purposes and do violence to the spirit of the discrimination laws were dismissal of a plaintiff's case compelled as a matter of law merely because she may not have personal knowledge, documented or corroborated by direct proof, of particular facts to which she attests in support of her claims. This prospect is particularly severe where the persons who do possess the relevant direct evidence all happen to be in defendants' employ and are lined up to testify against the complainant.

Reflecting these realities, plaintiffs in sexual discrimination cases of necessity must often rely upon circumstantial evidence and the fair inferences that the chain of events may supportably yield, as well as on jury assessments of the credibility of the parties and witnesses. *See Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998) ("In [discrimination cases], as in other areas of law, a case may be built entirely out of circumstantial evidence."); *Rosen*, 928 F.2d at 533; *Kolp v. New York State Office of Mental Health*, 15 F.Supp.2d 323, 327 (W.D.N.Y.1998). Relevant employment discrimination doctrine takes account of these unique circumstances and makes reasonable allowances for them. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (enunciating a three-step burden-shifting inquiry applicable where evidence of alleged unlawful discrimination is only circumstantial); *Norton*, 145 F.3d at 119; ("The plaintiff is not required to produce direct evidence of discrimination."); *Van Lawrence*, 1996 WL 107298, at *4 (the necessity of reliance on circumstantial evidence implicates the need for the three-prong burden-shifting test established by the Supreme Court); *Chambers*, 43 F.3d at 37 (the burden of proof that must be met to permit a plaintiff in an employment-discrimination case to survive summary judgment is de minimis).

Here, Parrish testified that the Defendants' sales staff's refusal to provide her the paperwork necessary for her to function at the job occurred "[m]ore than a hundred times." (Deposition Transcript of Donna Parrish, dated April 15, 2002, attached as Exh. A to Affidavit of Joshua Marcus ("Marcus Aff."), dated July 31, 2002, at 200–21.) In denying Parrish's assertions, Defendants rely on the affidavits of Acura salespersons, who worked under Gallagher's supervision, and who testified about Parrish's deficiencies on the

job, contradicting her allegations that they acted under Gallagher's instructions in by-passing Parrish and dealing directly with customers, thereby depriving Parrish of sales commissions. One of the salespersons who submitted an affidavit on behalf of Defendants, Anthony Gjekah ("Gjekah"), testified that Parrish requested that he gather the sales folders and deliver them to her office, as opposed to each salesperson delivering them separately, and that "it was very difficult for [him] to be the only person responsible for delivering folders to Ms. Parrish." (*See* Affidavit of Gjekah, dated July 18, 2002, attached as Exh. 4 to the Marcus Aff., at 2.)

It is reasonable to infer from such testimony that Parrish indeed may not have received all the sales folders, as she complains. However, Gjekah, like the other salespersons, faults Parrish for any such failures, asserting that her demands were unreasonable and that she was so often absent. (*See* Marcus Aff. at Exhs. 2–5.) As the testimony of the salespersons was submitted by affidavit, and not in the course of depositions, it is essential that Parrish have an opportunity to confront this testimony on cross-examination. These divergent views raise quintessential factual disputes grounded on circumstantial evidence and implicating questions of credibility.

Considering the record in the light most favorable to Parrish as opponent of the motion, a rational jury could reasonably infer that, crediting Parrish's assertion, it would be unlikely for all or a substantial number of Defendants' Acura sales staff to refuse to cooperate with Parrish in over a hundred occasions purely by coincidence and entirely independently, absent concerted guidance or direction from some higher authority. Such inferences may be supportable especially if the evidence indicates some temporal relation of the salesperson's actions to Parrish's complaint about Gallagher's conduct and establishes that Parrish did not experience similar difficulties from sales staff at the Honda dealership where she was stationed, that is, employees who were not under Gallagher's supervision.

At trial, Parrish may or may not be able to sustain her burden to prove her claims by a preponderance of the evidence. If the evidence does not support her theory, Defendants are not precluded from raising their challenge pursuant to a Rule 50 motion at the conclusion of Parrish's case, or at the close of all the evidence.

### *ORDER*

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that defendants' motion for reconsideration of the Court's denial of defendants' motion for summary judgment is DENIED.

**SO ORDERED.**