**UNITED STATES of America,**

v.

**Simone SMITH, Defendant.**

**No. 12–CR–183 EAW.**

United States District Court, W.D. New York.

Signed May 20, 2015.

Carol Bridge, Paul J. Campana, U.S. Attorney's Office, Buffalo, NY, for United States of America.

Mark J. Mahoney, Harrington and Mahoney, Buffalo, NY, for Defendant.

## DECISION & ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

A grand jury returned an indictment charging defendant Simone Smith ("Defendant") with conspiracy to commit wire fraud and conspiracy to launder monetary instruments. (Dkt. 1). The case was originally assigned to United States District Judge William M. Skretny, who issued a referral order to United States Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. 5). Although the indictment contains 62 counts alleging both conspiracy and substantive charges, Defendant is charged only in counts 1 and 47. (Dkt. 1). Count 1 alleges conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and count 47 alleges conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).

Presently before the Court is Defendant's motion for reconsideration of the Text Order entered on November 19, 2014, by Judge Skretny, denying Defendant's request for disclosure of the grand jury instructions. (Dkt. 482). For the following reasons, the Court denies Defendant's motion for reconsideration. Defendant is not entitled to an inspection or an *in camera* review of the grand jury instructions because she has failed to demonstrate a particularized need.

### PROCEDURAL HISTORY

Defendant was indicted with conspiracy to commit wire fraud, pursuant to 18 U.S.C. § 1349, and conspiracy to launder monetary instruments, pursuant to 18 U.S.C. § 1956(h), on June 8, 2012. (Dkt. 1). Defendant entered a plea of not guilty, and was released on bail pending trial. (Dkt. 83, 85).

On July 12, 2013, Defendant filed an omnibus motion seeking, among other forms of relief, dismissal of the indictment, and production and/or *in camera* inspection of the grand jury instructions. (Dkt. 269). The Government responded on August 2, 2013 (Dkt. 282), and Defendant replied on August 21, 2013 (Dkt. 293). Defendant also filed a supplemental brief on August 28, 2013. (Dkt. 296). Oral argument was held on August 29, 2013. (Dkt. 299). On July 21, 2014, Judge McCarthy issued a Report, Recommendation and Order, recommending that Defendant's motion to dismiss the indictment be denied, but ordering that the Government be required to produce to Defendant the instructions provided to the grand jury. (Dkt. 428). The Court's order that the Government produce the grand jury instructions was based on the fact that the Government "ignore[d] [Defendant's] argument that the particularized need standard [did] not apply to her narrow request for the grand jury instructions." (*Id.* at 9–10). The Court did not address Defendant's request for an *in camera* inspection of the grand jury instructions. (*Id.*).

The Government and Defendant filed objections to the Report, Recommendation and Order, and relevant responses. (Dkt. 432, 442, 458, 459, 468). Defendant also filed a motion for reconsideration of Judge McCarthy's recommendation denying dismissal of the indictment (Dkt. 452), which he denied (Dkt. 453). On November 19, 2014, by text order, Judge Skretny adopted the recommendation denying dismissal of the indictment (Dkt. 481), but reversed Judge McCarthy's order that the Government produce to Defendant the grand jury instructions, concluding that Defendant failed to demonstrate a particularized need (Dkt. 482).

On January 9, 2015, Defendant filed a motion for reconsideration of the Court's decision denying production of the grand jury instructions. (Dkt. 499). The Government responded on January 26, 2015 (Dkt. 504), and Defendant replied on February 2, 2015 (Dkt. 513). The case was transferred to the undersigned on January 28, 2015 (Dkt. 507), and oral argument was held on April 20, 2015 (Dkt. 530). The Court reserved decision on the motion. (*Id.*).

## DISCUSSION

### I. Standard for Motion for Reconsideration [1]

■ Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F.Supp.2d 385, 388 (S.D.N.Y.2006). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, 197 L.R.R.M. 2753, 2013 WL 6196292, at *2, 2013 U.S. Dist. LEXIS 169088, at *5 (W.D.N.Y. Nov. 23, 2013).

■ "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Naranjo*, No. 13–cr–351 (JSR), 2015 WL 2381322, at *1, 2015 U.S. Dist. LEXIS 64067, at *3 (S.D.N.Y. May 13, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Common grounds for reconsideration include "an intervening change of con-

trolling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (citation omitted); *see also United States v. Encarnacion*, No. 10–CR–905 (JSR), 13–CR–30 (JSR), 2014 WL 6769117, at *2–3, 2014 U.S. Dist. LEXIS 168120, at *7 (S.D.N.Y. Nov. 14, 2014). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, at *1, 2013 U.S. Dist. LEXIS 177084, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)).

■ A motion for reconsideration "'may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may [they] it be used as vehicle[s] for relitigating issues already decided by the Court.'" *United States v. Baldeo*, No. S1 13 Cr. 125(PAC), 2015 WL 252414, at *1, 2015 U.S. Dist. LEXIS 6152, at *3 (S.D.N.Y. Jan. 20, 2015) (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001)) (alterations in original). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court...." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir.2009). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113

---

1. Defendant's motion is for reconsideration of a decision reversing the order of a magistrate judge. A district judge may reverse an order relating to a non-dispositive, pretrial matter upon a finding that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Crim.P. 59(a).

F.Supp.2d 613, 614 (S.D.N.Y.2000)); *see also United States v. Almonte,* No. 14 Cr. 86(KPF), 2014 WL 3702598, at *1, 2014 U.S. Dist. LEXIS 101902, at *2 (S.D.N.Y. July 24, 2014).

## II. Production of Grand Jury Instructions Requires a Showing of Particularized Need

■ Disclosure of grand jury proceedings is permitted upon a showing that a "ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). "[A] presumption of regularity attaches to grand jury proceedings...." *United States v. Leung,* 40 F.3d 577, 581 (2d Cir.1994). Accordingly, "a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." *United States v. Forde,* 740 F.Supp.2d 406, 413 (S.D.N.Y.2010) (citing *United States v. Moten,* 582 F.2d 654, 662 (2d Cir.1978)); *see also Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959) ("The burden ... is on the defense to show that a 'particularized need' exists for the minutes which outweighs the policy of secrecy."). "A party makes a showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Grand Jury Subpoena,* 103 F.3d 234, 239 (2d Cir.1996) (quoting *Douglas Oil Co. v. Petrol Stops Nw.,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)). This requirement "'extends to legal instructions given to the grand jury.'" *United States v. Hoey,* No. S3 11–cr–337 (PKC), 2014 WL 2998523, at *3, 2014 U.S. Dist. LEXIS 91093, at *7–8 (S.D.N.Y. July 2,

2014) (quoting *United States v. Jailall,* No. 00·Cr 069(RWS), 2000 WL 1368055, at *2, 2000 U.S. Dist. LEXIS 13733, at *4 (S.D.N.Y. Sept. 22, 2000), *aff'd,* 23 Fed. Appx. 94 (2d Cir.2002)).

Defendant argues that the "particularized need" standard is only applicable to requests for grand jury transcripts of witness testimony, and does not apply to other grand jury materials sought by defendants, including instructions given to the grand jury. (Dkt. 499 at 13). Specifically, Defendant argues that the particularized need standard under Rule 6(e) is inapplicable because the request does not involve disclosure of "grand jury matter." (Dkt. 270 at 19). In support of this proposition, Defendant cites *United States v. Alter,* 482 F.2d 1016 (9th Cir.1973), where, in a footnote, the court noted that "[t]he proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." *Id.* at 1029 n. 21.

Contrary to the *Alter* court's reference to a reduced need for secrecy relating to the "ground rules" by which a grand jury operates, "[t]he Second Circuit ... has not recognized such a disclosure rule for ministerial Grand Jury materials." *See United States v. Reynolds,* No. 10CR32A, 2012 WL 5305183, at *11, 2012 U.S. Dist. LEXIS 153654, at *30 (W.D.N.Y. Oct. 25, 2012). Rather, courts within the Second Circuit Court of Appeals have consistently held that obtaining grand jury instructions requires a showing of particularized need. *See In re Grand Jury Subpoena,* 103 F.3d at 239 ("The law of this circuit is clear that, once a proceeding falls under Rule 6(e), it receives a presumption of secrecy and closure.... The burden is on the party seeking disclosure to show a particularized need that outweighs the need for secrecy."). (internal quotations and citation

omitted).[2] *See also United States v. Luguis,* 166 F.Supp.2d 776, 780 (S.D.N.Y. 2001); *Hoey,* 2014 WL 2998523, at *3–4, 2014 U.S. Dist. LEXIS 91093, at *8–9; *Jailall,* 2000 WL 1368055, at *1–2, 2000 U.S. Dist. LEXIS 13733, at *4.

Notably, in *United States v. Faltine,* No. 13–cr–315 (KAM), 2014 WL 4370811, 2014 U.S. Dist. LEXIS 122749 (E.D.N.Y. Sept. 2, 2014), the court found that "[the defendant's] reliance on a footnote from an out-of-circuit opinion, *United States v. Alter,* 482 F.2d 1016 (9th Cir.1973), does not support disclosure here, where there is more recent, controlling Second Circuit precedent requiring a particularized need for disclosure." *Id.* at *6, 2014 U.S. Dist. LEXIS 122749, at *16. The particularized need standard applies to both substantive matters before the grand jury and more ministerial functions, such as grand jury instructions. As explained in *United States v. Larson,* No. 07CR304S, 2012 WL 4112026, 2012 U.S. Dist. LEXIS 133250 (W.D.N.Y. Sept. 18, 2012), "no clear line can be drawn distinguishing the ministerial from the substantive." *Id.* at *7, 2012 U.S. Dist. LEXIS 133250, at *21. In other words, Fed.R.Crim.P. 6(e)(2) requires secrecy for any "matter occurring before the grand jury," and it does not distinguish between substantive and ministerial "matters."

■ As a result, the Court concludes that in order for Defendant to obtain disclosure of grand jury instructions, she must demonstrate particularized need. Moreover, because the particularized need standard applies to both production and *in camera* inspection of grand jury materials, *see Hoey,* 2014 WL 2998523, at *2–4, 2014 U.S. Dist. LEXIS 91093, at *6–9; *United States v. Laster,* No. S1 06 Cr. 1064(JFK), 2007 WL 3070599, at *2–3, 2007 U.S. Dist.

LEXIS 77732, at *6–8 (S.D.N.Y. Oct. 19, 2007), the Court will address Defendant's requests together.

## III. Defendant Has Failed to Demonstrate a Particularized Need For Production or *In Camera* Inspection of the Grand Jury Instructions

Defendant contends that the Government must produce the grand jury instructions because she has shown a particularized need for the instructions. (Dkt. 499 at 17). In the alternative, Defendant moves the Court to allow Judge McCarthy to conduct an *in camera* inspection of the instructions. (*Id.* at 18).

■ As an initial matter, the Government is not required to provide a grand jury with legal instructions. *United States v. Lopez–Lopez,* 282 F.3d 1, 9 (1st Cir. 2002); *see also United States v. Donald,* No. 07–CR–6208L, 2009 WL 270181, at *5–6, 2009 U.S. Dist. LEXIS 12171, at *15 (W.D.N.Y. Feb. 4, 2009) (no requirement that federal grand jurors be instructed on the law), *adopted,* 2009 WL 960209, 2009 U.S. Dist. LEXIS 29418 (W.D.N.Y. Apr. 7, 2009); *United States v. McDarrah,* No. 05 Cr. 1182(PAC), 2006 WL 1997638, at *9, 2006 U.S. Dist. LEXIS 48269, at *26–27 (S.D.N.Y. July 17, 2006) ("under federal law, a prosecutor is not required to instruct the grand jury on the law."). However, "courts have found error where the government incompletely or erroneously provides legal instruction to the grand jury." *Hoey,* 2014 WL 2998523, at *3, 2014 U.S. Dist. LEXIS 91093, at *8; *see also United States v. Peralta,* 763 F.Supp. 14, 19–21 (S.D.N.Y.1991) (dismissing indictment where prosecutor's instructions to the grand jury on the issue of constructive possession were erroneous); *United*

---

**2.** At oral argument on April 20, 2015, defense counsel agreed that the proper section governing the production of grand jury instructions is Fed.R.Crim.P. 6(e), although he submitted that it did not apply to *in camera* review.

*States v. Kasper*, No. 10CR318S, 2011 WL 7098042, at \*7, 2011 U.S. Dist. LEXIS 152388, at \*20 (W.D.N.Y. June 20, 2011) ("while the Government need not instruct the Grand Jury on the pertinent law, error may arise if the Government endeavors to instruct but does so incompletely or erroneously.").

It is well-settled that "[h]ope and speculation are wholly insufficient to overcome the rule of secrecy in grand jury proceedings that is embodied in Fed.R.Crim.P. 6(e)." *Donald*, 2009 WL 270181, at \*6, 2009 U.S. Dist. LEXIS 12171, at \*16; *see also Forde*, 740 F.Supp.2d at 414; *United States v. Olin Corp.*, 465 F.Supp. 1120, 1134–35 (W.D.N.Y.1979); *Jailall*, 2000 WL 1368055, at \*2–3, 2000 U.S. Dist. LEXIS 13733, at \*7. "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir.1990), *overruled on other grounds as recognized by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). "This standard applies equally to a defendant's request for the court to conduct *in camera* inspection of grand jury transcripts." *Laster*, 2007 WL 3070599, at \*1, 2007 U.S. Dist. LEXIS 77732, at \*4 (citing *United States v. Dunn*, No. 05–CR–127 (KMK), 2005 WL 1705303, \*1–2, 2005 U.S. Dist. LEXIS 14667, at \*6 (S.D.N.Y. July 19, 2005)); *Forde*, 740 F.Supp.2d at 413–14 (applying particularized need stan-

dard to the defendant's request for an *in camera* inspection of the grand jury minutes); *United States v. Crisona*, 271 F.Supp. 150, 158–59 (S.D.N.Y.1967) (mere speculation regarding potential irregularities did not require a trial judge to inspect grand jury minutes); *United States v. Hunt*, No. 05 Cr. 395(DAB), 2006 WL 2613754, at \*9–11, 2006 U.S. Dist. LEXIS 64887, at \*28–31 (S.D.N.Y. Sept. 6, 2006) (applying particularized need standard to the defendant's motion to inspect the grand jury instructions, or, in the alternative, to have the court inspect them *in camera* ).[3]

■■■ Defendant does not contend that the Government engaged in misconduct in connection with the grand jury proceedings. Rather, Defendant maintains that because the statutes under which she is indicted do not specify the element of knowledge or intent, which is necessary to sustain a conspiracy charge at trial, the grand jury was entitled to be instructed on this fact. Defendant speculates that the grand jury was not instructed on the element of knowledge because the indictment does not contain detailed factual allegations relating to Defendant's knowledge of the goal of the alleged conspiracy.

The absence of detailed allegations regarding Defendant's alleged knowledge of the conspiracy is insufficient to create a particularized need. At trial, the Govern-

---

3. Defendant argues, while acknowledging authority to the contrary, that the particularized need standard does not apply to requests for an *in camera* inspection. (Dkt. 499 at 19). The court is cognizant that some courts appear to have not applied the particularized need standard to an *in camera* inspection of grand jury minutes. *See United States v. Allen*, No. 09–CR–329, 2014 WL 1745933, at \*2–3, 2014 U.S. Dist. LEXIS 60359, at \*6–9 (W.D.N.Y. Apr. 30, 2014); *United States v. Eldridge*, No. 09–CR–329, 2014 WL 257224, at \*3–5, 2014 U.S. Dist. LEXIS 8519, at \*9–12 (W.D.N.Y. Jan. 23, 2014); *United States v.*

*Twersky*, No. S2 92 Cr. 1082(SWK), 1994 WL 319367, at \*5, 1994 U.S. Dist. LEXIS 8744, at \*15–16 (S.D.N.Y. June 29, 1994). In those cases, the courts found that while the defendant had not demonstrated particularized need, there was some other ground, beyond mere speculation, to order an *in camera* inspection of the grand jury material. Any such ground is lacking here. Further, none of the cases cited by Defendant contain a discussion of why the particularized need standard does not apply to *in camera* inspections, or definitively conclude that the particularized need standard does not apply.

ment must prove that Defendant knowingly and willfully became a member of the conspiracy. *United States v. Williams,* 453 Fed.Appx. 74, 78 (2d Cir.2011) (citing *United States v. Santos,* 541 F.3d 63, 70 (2d Cir.2008)); *see also* 1–19 Modern Federal Jury Instructions–Criminal § 19.01. However, the Government is not required to include in the indictment detailed allegations regarding a defendant's knowledge of a conspiracy. *See Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Wydermyer,* 51 F.3d 319, 325–26 (2d Cir.1995). Nor is the prosecutor required to instruct on all of the elements of a conspiracy charge when presenting its case before the grand jury. *See United States v. Kartashyan,* No. CR 08–532(A) SVW, 2009 WL 2231665, at *2, 2009 U.S. Dist. LEXIS 76317, at *5–6 (C.D.Cal. July 23, 2009) (the " 'prosecutor has no duty to outline all the elements of conspiracy so long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied.' ") (quoting *United States v. Larrazolo,* 869 F.2d 1354, 1359 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States,* 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989)). The only evidence offered by Defendant supporting the proposition that the grand jury was incorrectly instructed is the indictment itself. The fact that the indictment does not contain specific facts relating to Defendant's alleged knowledge of the conspiracy does not create a particularized need. Defendant is, in effect, attempting to reargue her motion to dismiss the indictment based on its lack of allegations relating to her knowledge of the conspiracy, which was previously denied on three separate occasions. (Dkt. 428, 453, 481).

The indictment has already been deemed to be sufficient. (Dkt. 428, 481). The indictment alleges that the defendants, including defendant Smith, "knowingly, willfully and unlawfully" combined, conspired and agreed to commit wire fraud and transport and transfer monetary instruments and funds. (Dkt. 1 at 3–4, 18). The indictment also states that the defendants, including Ms. Smith, received as part of the conspiracy money transfers from loan applicants at Western Union and MoneyGram outlets in Buffalo, New York; Detroit, Michigan; Toledo, Ohio; Brooklyn, New York; and locations in Ontario, Canada (*id.* at 8), and that these defendants kept a portion of the deposit proceeds as compensation for their roles in retrieving the funds (*id.* at 8–9).

Defendant contends that because the indictment does not recite a "judicially created" element of the crime charged, the grand jury instructions must be produced. (Dkt. 499 at 17). However, Defendant cites no case in support of this proposition, and precedent reveals that this is not the law. In *United States v. Finnerty,* No. 05 Cr. 393(DC), 05 Cr. 397(DC), 2006 WL 2802042, 2006 U.S. Dist. LEXIS 72119 (S.D.N.Y. Oct. 2, 2006), the defendants were charged with securities fraud. The defendants moved to inspect the legal instructions given to the grand jury to determine whether the grand jury was properly instructed on the law, based on the fact that the case was "complicated," and thus the grand jury should have received instructions, rather than just having the statute read to it. *Id.* at *8–9, 2006 U.S. Dist. LEXIS 72119, at *25–26. Further, the defendants argued that the Government had recently filed superseding indictments referencing the existence of a fiduciary relationship between specialists and the trading public, and that this omission in the original indictments was evidence that the instructions were deficient or misleading. *Id.* at *9, 2006 U.S. Dist. LEXIS 72119, at *26. The court denied the motion, noting that prosecutors are not required to instruct the grand jury, and a prosecutor's reading the relevant statute

would be sufficient. *Id.* at *9, 2006 U.S. Dist. LEXIS 72119, at *26–27. Further, the omission from the original indictments and filing of superseding indictments were not evidence that the grand jury was misled. *Id.* at *9, 2006 U.S. Dist. LEXIS 72119, at *27.

Similarly, in *United States v. Trie,* 23 F.Supp.2d 55 (D.D.C.1998), the defendant was charged with conspiracy to defraud the United States by impairing and impeding the Federal Election Commission, conspiracy to use the mails and wires to defraud the Democratic National Committee, causing others to file false statements, conspiracy to obstruct justice, and witness tampering. *Id.* at 57. The defendant moved to dismiss count one of the indictment, conspiracy to defraud the United States, because it failed to include allegations with regard to "hard money" contributions. *Id.* at 58. In the alternative, the defendant argued that "because the indictment does not specifically allege 'hard money' contributions, the grand jury may not have been properly instructed concerning the distinction between hard and soft money" and, accordingly, he should have access to grand jury materials in order to pursue this argument further. *Id.*

The court first denied the defendant's motion to dismiss the indictment, concluding that the allegations were sufficient. *Id.* at 59–61. The court then addressed production of the grand jury instructions, finding that "to the extent [the defendant]

is arguing that the grand jury may not have heard any evidence relating to hard money contributions, that would be an argument about the sufficiency of the government's evidence, an argument best reserved for trial." *Id.* at 62. The court further noted that "[t]he sufficiency of the evidence presented to the grand jury may not be challenged if the indictment is facially valid," and that because the indictment was facially valid, the defendant could not make a showing of particularized need. *Id.* Indeed, here, Defendant's belief that the Government does not have sufficient evidence against her to sustain a conspiracy conviction is similarly an issue best left for trial.[4]

Finally, in *United States v. Pike Indus., Inc.,* 575 F.Supp. 885 (D.Vt.1983), the defendants were charged with conspiring to restrain interstate trade and commerce under the Sherman Act, and committing mail fraud. *Id.* at 886. The defendants moved to dismiss count one of the indictment because it failed to allege the requirement of intent, and moved to inspect the grand jury minutes to determine whether the grand jury was properly instructed as to the level of intent necessary to indict the defendants on all three counts. *Id.* at 886–87. The court found that the indictments were sufficient, and the defendants had notice of the charges against them. *Id.* at 890. The court also denied the motion to inspect, noting that it was linked to the defendants' motion to dismiss the indictment. *Id.* at 890–91.

---

4. Defendant cites the situation of another defendant in this case, who attempted to enter a plea in the Eastern District of Michigan. (Dkt. 499 at 6 n. 1). There, United States District Judge Robert J. Jonker apparently refused to accept the guilty plea of defendant Candice McGraw, because "she did not know the ultimate purpose of the conspiracy, and did not have any understanding of the manner and means of any fraud." (*Id.*). Judge Jonker allegedly did not accept defendant McGraw's plea because her lack of knowledge was "insufficient to form a factual basis for conviction for the conspiracy with which Defendant is charged." (*Id.*). Defendant Smith's argument in this respect addresses the sufficiency of the indictment and the strength of the Government's case against defendant Smith, an argument best reserved for trial. In other words, Judge Jonker's refusal to accept Ms. McGraw's guilty plea goes to the strength of the Government's case. It does not create a particularized need for the disclosure of grand jury instructions.

The fact that the indictment was allegedly "nebulous" and the defendants' belief that the grand jury must not have been instructed properly on the element of intent did not create a particularized need. *Id.* at 891; *see also United States v. Humphrey,* No. 10–CR–00025A(Sr), 2013 WL 3244333, at *11, 2013 U.S. Dist. LEXIS 89538, at *31–33 (W.D.N.Y. June 26, 2013) (denying the defendant's request for disclosure of grand jury transcripts and exhibits because he was the subject of a "bare bones Indictment that does not state any particular act or overt acts that he allegedly committed in the course of the conspiracy," and noting that an indictment valid on its face "is enough to call for trial of the charge on the merits.") (citations omitted), *adopted,* 2014 WL 1836602, 2014 U.S. Dist. LEXIS 63754 (W.D.N.Y. May 8, 2014).

The argument Defendant advances here is the same. Defendant contends that the grand jury must not have received instructions on the knowledge requirement, because detailed allegations regarding Defendant's knowledge are not included in the indictment, and the knowledge requirement is not specifically recited in the conspiracy statute. However, the prosecutor is not required to instruct the grand jury on the charges contained in an indictment, and the Court previously found the conspiracy allegations to be sufficient. Construing Defendant's argument generously, any allegation of government misconduct required to show a need for production of the grand jury instructions is speculative. Any issue regarding the sufficiency of the Government's evidence against Defendant, including her knowledge of the alleged conspiracy, is best reserved for trial. Should this Court hold differently, inspection of grand jury instructions would be allowed in any case where an indictment charges conspiracy without detailing the factual basis for a defendant's alleged knowledge.

Accordingly, Defendant is not entitled to production of the grand jury instructions. Further, for the same reasons, Defendant's motion for an *in camera* inspection of the grand jury instructions is denied. *See Pike Indus.,* 575 F.Supp. at 891; *Laster,* 2007 WL 3070599, at *2, 2007 U.S. Dist. LEXIS 77732, at *6–7. "There is a presumption against [*in camera*] proceedings," *Moten,* 582 F.2d at 662, and a district court's authority to conduct an *in camera* review is discretionary, *Gruss v. Zwirn,* 296 F.R.D. 224, 231 (S.D.N.Y.2013). As explained above, the Court finds that Defendant has failed to make the necessary showing to require encroachment on the secrecy surrounding the grand jury process. Defendant's argument that there are apparently no cases concluding that it was error to have required an *in camera* inspection of grand jury materials is inapplicable (Dkt. 499 at 19), as neither Judge McCarthy nor Judge Skretny ordered an *in camera* inspection.

The Court appreciates Defendant's understandable concern with facing two conspiracy charges by way of a 62–count indictment, with no elaboration in the indictment as to the basis for alleging that Defendant possessed the requisite knowledge of the conspiracy. However, the current structure of the federal grand jury system, particularly as interpreted within the Second Circuit, simply does not allow a defendant to expose the inner-workings of a grand jury without something more than Defendant has presented here.

### CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is denied.

SO ORDERED.