UNITED STATES of America,

v.

Thomas A. GILLESPIE, Defendant.

1:15–CR–00209 EAW

United States District Court, W.D. New York.

Signed 08/30/2017

Scott Allen, U.S. Attorney's Office, Federal Centre, Buffalo, NY, for United States of America.

Frank Richard Passafiume, Federal Public Defender, Buffalo, NY, Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

Presently before the Court is defendant Thomas A. Gillespie's ("Defendant") motion for partial reconsideration (Dkt. 66) of that portion of this Court's Decision and Order (Dkt. 55) that adopted the Magistrate Judge's assessment of Defendant's credibility, which was based, *inter alia*, on the fact that Defendant had testified at an evidentiary hearing to facts which were not mentioned in his motion papers. Because Defendant identifies no clear error of law in the prior Decision and Order or any need to prevent manifest injustice, the Court denies Defendant's motion for reconsideration. (Dkt. 66).

## BACKGROUND

Defendant is charged in a one-count Indictment returned on November 12, 2015, with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (Dkt. 10). This Court referred the case to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for the handling of both dispositive and non-dispositive pretrial motions. (11/13/2015 Text Order).

In his pretrial omnibus motion filed on June 30, 2016, Defendant requested, *inter alia*, suppression of statements allegedly made on November 25, 2014, during the execution of a search warrant at his residence in a second-floor apartment located at 807 State Route 68, East Brady, Pennsylvania, on two grounds: "(a) that it was involuntary under the due process clause of the Fifth Amendment, and (b) that there was a failure to provide *Miranda* warnings as they were required under the circumstances." (Dkt. 22 at ¶ 5).

The Government filed its response on July 15, 2016 (Dkt. 23), and oral argument was initially held before Magistrate Judge McCarthy on July 27, 2016. (Dkt. 24). Pursuant to the request made at that oral argument, Defendant filed an affidavit on July 27, 2016, in support of his omnibus motions, wherein he adopted the facts set forth "on pages 5 to 8, paragraph 9 through 18" of his previously-referenced omnibus motion. (Dkt. 25). The relevant factual material contained in the referenced paragraphs provided as follows:

9. The factors present during the statement here reveal that the statement was made involuntarily under the due process clause of the Fifth Amendment. The defendant, a soft-spoken man who is small in stature, resided in the second floor apartment of a two-story building. Six (6) law enforcement personnel executed a search warrant at the defendant's residence on November 25, 2014. According to the investigation reports, the second floor apartment "was basically empty except for one small bedroom" and "uninhabited except for the one small bedroom where [the defendant] stays and where [the defendant's] computer was located." Upon entry into the apartment, law enforcement encountered the defendant "coming out of the far end of the hallway room." He was immediately searched and "brought back" to the small bedroom. In the bedroom, the defendant was advised the FBI had a search warrant and was also "made aware" of all six law enforcement personnel in his apartment. Despite all six law enforcement personnel were either inside the small bedroom, or in the uninhabited apartment blocking the path to the exit of the apartment, the defendant was advised that he was not under arrest and free to leave. The defendant was, in fact, not free to leave.

10. The defendant remained in the apartment and was "present for the

search" of his computer. During the search, law enforcement allegedly discovered files that "appeared to be consistent with the names indicating child pornography." The defendant was aware of this alleged criminal discovery prior to the conclusion of the search. However, upon conclusion of the search, the defendant was advised that "agents would like to discuss the case with him" and promised him that he would not be arrested. It was only then that the defendant then gave a statement to law enforcement.

14. Based on many of the factors set forth above, the defendant here was in custody. Specifically, immediately upon entry into the apartment by the six law enforcement personnel, the defendant was searched and escorted back to his small bedroom. All six law enforcement were either in the small bedroom with the defendant or in the remainder of the empty apartment directly in the path to the exit. Despite law enforcement stating that the defendant was free to leave, their affirmative actions indicate that he was not, in fact, free to leave and any reasonable person under those circumstances would also not feel free to leave.

16. It is clear that the questions asked of the defendant directly related to the search for contraband thereby likely to elicit an incriminating response. Specifically, the defendant was asked about files that were allegedly accessed on his computer that "appeared to be consistent with the names indicating child pornography."

(Dkt. 22 at ¶¶ 9, 10, 14, 16).

A status conference was conducted before Magistrate Judge McCarthy on September 30, 2016, at which time it was confirmed that the only portion of the pretrial motions that remained in dispute was Defendant's motion to suppress statements. (Dkt. 30). Magistrate Judge McCarthy determined that Defendant had not established his entitlement to an evidentiary hearing on the portion of his motion to suppress based upon the failure to provide *Miranda* warnings, but an evidentiary hearing was required concerning Defendant's argument that his statements were not voluntary because they were induced by an alleged promise by law enforcement that Defendant would not be arrested. (*Id.*).

An evidentiary hearing was held before Magistrate Judge McCarthy on October 26, 2016, at which FBI Special Agent Thomas Carter and Defendant testified (Dkt. 36; Dkt. 40), and the parties submitted post-hearing briefs (Dkt. 42; Dkt. 43; Dkt. 44). On January 10, 2017, Magistrate Judge McCarthy issued a Report and Recommendation ("R & R") setting forth his findings that Defendant had not set forth sufficient facts that he was in custody at the time of the statements so as to justify a hearing on whether *Miranda* warnings should have been administered. (Dkt. 45 at 2–4). With respect to the voluntariness of the alleged statements, Magistrate Judge McCarthy concluded that Agent Carter was "much more credible than defendant" (*id.* at 6), and that the credible evidence did not establish that an alleged promise not to arrest Defendant induced any alleged statements. (*Id.* at 6–7).

On February 24, 2017, Defendant timely filed objections to the R & R, specifically challenging Magistrate Judge McCarthy's (1) determination not to hold an evidentiary hearing with respect to Defendant's challenge to the statements on the grounds that he was not administered *Miranda* warnings, and (2) crediting of Agent Carter's testimony over Defendant's testimony at the hearing, based in part on Defendant's testimony to additional relevant

facts that were not included in his affidavit. (Dkt. 49 at 8–12).

The Government responded to the objections on March 10, 2017 (Dkt. 51), and oral argument was held before the undersigned on March 28, 2017, at which time the Court took the matter under advisement and reserved decision. (Dkt. 54).

By Decision and Order dated April 25, 2017, the Court found that the record fully supported the Magistrate Judge's credibility determination, reasoning as follows:

> [I]f Defendant had, in fact, been stripped, handcuffed, and told he did not need an attorney, it was perfectly logical to conclude that Defendant would have made a point of mentioning those facts in support of his motion—as opposed to coming up with these allegations at the evidentiary hearing.

(Dkt. 55 at 6). The Court also found that, contrary to the Magistrate Judge's conclusion, Defendant's motion papers included sufficient factual information to justify a hearing on the issue of the failure to provide Defendant with *Miranda* warnings. (*Id.* at 6–8). Thus, the Court remanded the matter to the Magistrate Judge for further proceedings on that issue. (*Id.* at 8).

On July 27, 2017, Defendant moved for partial reconsideration of this Court's Decision and Order. (Dkt. 66). In particular, Defendant asks the Court to reverse that part of the Court's Decision and Order that upheld the Magistrate Judge's credibility finding. (*Id.* at 6). On August 10, 2017, the Government filed papers in opposition to the motion to reconsider (Dkt. 69), and the Court deemed the matter fully submitted and took it under advisement (Dkt. 70).

## ANALYSIS

### I. Standard for Reconsideration

 Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F.Supp.2d 385, 388 (S.D.N.Y. 2006). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013).

> The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999)).

 "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already

decided by the Court."). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. ..." *Aczel v. Labonia,* 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito,* 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)).

## II. Reconsideration is Not Warranted

Defendant challenges the method by which the Magistrate Judge determined Defendant's credibility, arguing that it was improper to find Defendant not credible based on the fact that Defendant testified to certain facts that were omitted from his moving papers. (Dkt. 66 at 6–8). Defendant also argues that the use of his motion papers to discredit his hearing testimony compromises the attorney-client relationship and forces the disclosure of attorney work product. (*Id.* at 9). According to Defendant, the Court must reconsider its prior Decision and Order with respect to the credibility determination in order to correct a clear error of law and prevent a manifest injustice. (*Id.* at 6). As discussed below, the Court disagrees and declines to reconsider its prior Decision and Order.

### A. Defendant's Motion Relitigates Issues Already Decided by This Court

■ Many of the arguments that Defendant raised in his objections to the R & R mirror those that he now raises in his motion for reconsideration. (*Compare* Dkt. 49 at 11 (arguing that the Magistrate Judge committed clear error by using the contents of Defendant's motion papers to

assess his credibility at the evidentiary hearing), *with* Dkt. 66 at 7 (arguing that comparing omissions in Defendant's moving papers with his hearing testimony is improper)). In particular, Defendant had objected on the ground that "the defense need not include all favorable factual allegations known to a defendant in his motion papers" because "a defendant is entitled to a suppression hearing so long as he presents 'contested issues of fact,'" and "counsel may have a variety of legitimate reasons, both strategic and practical, to omit additional information from initial motion papers." (Dkt. 49 at 11). Defendant rehashes these arguments in his motion for reconsideration, contending that (1) "disclosing all [known] facts is not required to secure an evidentiary hearing" because "the standard to secure an evidentiary hearing is not high" (*id.* at 7); and (2) "there are numerous reasons—both practical and strategic—why an attorney would choose not to allege all facts known to that attorney in his initial motion papers" (*id.* at 9). To the extent that Defendant's reconsideration motion is an attempt to relitigate issues that this Court already decided, it is improper and justifies denial of the motion. *See Shrader,* 70 F.3d at 257; *Davidson,* 172 F.Supp.2d at 461.

### B. The Court's Prior Decision and Order Presents No Need to Correct a Clear Error or Prevent Manifest Injustice

To the extent that Defendant raises issues not previously litigated and contends that there is a "need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255, the Court considers his arguments but, as discussed below, denies reconsideration.

■ As discussed in this Court's prior Decision and Order, "[t]he Second Circuit has instructed that where a Magistrate

Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F.Supp.2d 496, 499 (W.D.N.Y. 2013) (citing *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge." (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)))); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised."); *see also United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings).

■■■■ Courts often determine the credibility of a witness based on omissions between motion papers and hearing testimony. *See, e.g., United States v. Jimenez*, No. 10 Crim. 905(LTS), 2012 WL 4887740, at *1 n.1 (S.D.N.Y. Oct. 10, 2012) (denying motion to suppress and finding defendant's testimony "that uniformed officers drew guns on him and [his co-defendant] and forced them to sit against a wall in the public area of the airport for a prolonged period of time" not credible and that "[a]mong the factors undermining the credibility of this testimony is the fact that Defendant made no mention of this alleged armed encounter in his motion papers"); *United States v. Thompson*, No. 10 Cr. 94(JSR), 2010 WL 3069668, at *3 (S.D.N.Y. July 29, 2010) (denying motion to suppress and observing that "[m]uch of

[the defense witness's] testimony on [whether he was shown a picture of the defendant] was also inconsistent with his prior affirmation submitted in support of [the defendant's] suppression motion, which makes no mention the officers' showing [the defense witness] a picture of [the defendant]"). Defendant points to no case law that holds that it is improper to compare hearing testimony and motion papers and rely on omissions therein when making a credibility determination (*see* Dkt. 66 at 7–9), and the Court finds none. Here, Defendant submitted a sworn affidavit wherein he asserted various facts concerning the encounter at his apartment on November 25, 2014, yet he made no reference to salient alleged facts—being handcuffed and strip searched, and asking for an attorney—that were plainly critical enough to the suppression motion that Defendant elected to testify about those facts before the Magistrate Judge. The Magistrate Judge's credibility determination based on the inconsistencies between Defendant's sworn affidavit (which omitted these facts) and his hearing testimony was perfectly appropriate. .

■■■■ Moreover, as the Government rightly points out (Dkt. 69 at 8–9), the Magistrate Judge's credibility determination was based not only on Defendant's omissions of the handcuffing, strip search, and request for an attorney from his sworn affidavit and motion papers, but also on Defendant's demeanor and on the discrepancies between Defendant's testimony and Agent Carter's testimony, which the Magistrate Judge credited. (Dkt. 45 at 6 (finding Agent Carter more credible than Defendant based on "both witnesses' demeanor" and noting that Agent Carter had denied that Defendant was handcuffed and strip searched). In addition, the Magistrate Judge relied on the inconsistency between Defendant's statement in his sworn affida-

vit that he agreed to speak to agents because he was promised that he would not be arrested, and his testimony at the hearing that he never directly agreed to speak to the agents—which was not an inconsistency by omission between the motion papers and hearing testimony, but a blatant inconsistency between the motion papers and the hearing testimony. (*See id.* (observing that Defendant's "hearing testimony is inconsistent with his motion" with respect to whether he agreed to speak with agents)); *see, e.g., Chevron Corp. v. Donziger,* 974 F. Supp. 2d 362, 503 (S.D.N.Y. 2014) ("Determinations of credibility depend also upon assessments of intangible factors such as the courtroom demeanor, tone, and manner of witnesses as well as other considerations and evidence."), *aff'd,* 833 F.3d 74 (2d Cir. 2016). Defendant's motion does not challenge these additional aspects of the Magistrate Judge's credibility determination or offer any basis to conclude that, without relying on the omissions, the Magistrate Judge nevertheless would have found Defendant credible.

None of Defendant's remaining arguments persuade the Court that it should reconsider its prior Decision and Order. First, Defendant argues that the Magistrate Judge's credibility assessment was erroneous because Defendant's testimony that he was strip searched, handcuffed, and denied an attorney was not inconsistent with his moving papers. (Dkt. 66 at 7). This Court disagrees. The absence of the information from Defendant's sworn affidavit *is* inconsistent with his decision to offer this information during his hearing testimony.

Second, Defendant argues that the standard to secure an evidentiary hearing only requires that he provide "sufficiently definite, specific, detailed and nonconjectural" factual allegations that establish a contested issue of fact, and, therefore, using his moving papers to discredit his hearing testimony places an impermissible burden on him to allege all facts known to him. (Dkt. 66 at 7 (quoting *United States v. Pena,* 961 F.2d 333, 339 (2d Cir. 1992)); *see also id.* at 8). Defendant correctly cites the standard for determining when a court should hold an evidentiary hearing on a motion to suppress, but that question is distinct from a court's resolution of disputed factual issues that arise at that hearing. A factfinder should not be handicapped in his or her ability to assess the credibility of witnesses by not being able to consider a defendant's sworn affidavit submitted in connection with a suppression motion. Rather, a factfinder should be able to assess credibility using all available tools, including inconsistencies (or omissions) between a sworn prior statement and hearing testimony. As discussed above, Defendant provides no cases to support the proposition that a credibility finding may not be based on an omission such as the one at issue in this case.

Third, Defendant argues that "there is no evidence for the Court's conclusion that because Mr. Gillespie did not state in the moving papers that he was stripped and handcuffed, he must have 'come up' with these allegations at the evidentiary hearing." (Dkt. 66 at 8). Whether that testimony was truthful or not, the failure to include such material information in his moving papers casts doubt on Defendant's credibility.

Finally, Defendant argues that "by discrediting [his] testimony because of the contents of moving papers drafted by counsel, the Court is putting defense counsel in the precarious situation of either allowing this credibility determination to stand, or disclosing defense strategy and/or attorney-client communications to defend the reasons for the omissions."

(Dkt. 66 at 9). In support of this argument, Defendant quotes from *United States v. Yakobowicz*, 427 F.3d 144 (2d Cir. 2005), in which the Second Circuit stated that "our system of justice anticipates that a criminal defendant is entitled to see the prosecution's whole case before deciding on a defense. . . ." (Dkt. 66 at 9 (quoting *Yakobowicz*, 427 F.3d at 153)). But that case does not support the proposition that a defendant's testimony about facts that were not mentioned in his motion papers cannot influence a determination of his credibility. It certainly does not lead to the conclusion that this Court's acceptance of the Magistrate Judge's credibility finding was clearly erroneous or resulted in manifest injustice.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration (Dkt. 66) is denied.

SO ORDERED.